UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL JASON HOMER, SR., ET AL.**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **NO.  16-1210** |
| **DNOW L.P., ET AL.**<br>    **Defendants** | **SECTION: "E" (3)** |

## ORDER AND REASONS

Before the Court is Defendant Sellstrom Manufacturing Co.'s Rule 12(b)(1) motion to dismiss for lack of personal jurisdiction or, in the alternative, Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.[1] Plaintiffs Michael Jason Homer, Sr., and Liese Homer oppose the motion.[2] For the reasons that follow, the Rule 12(b)(1) motion to dismiss for lack of personal jurisdiction is **GRANTED**, and the alternative Rule 12(b)(6) motion to dismiss is **DENIED AS MOOT**.

## BACKGROUND

This is a personal-injury case. On January 8, 2016, Michael Jason Homer, Sr., and his wife, Liese Homer (collectively, "Plaintiffs"), filed suit in the 29th Judicial District Court for the Parish of St. Charles, State of Louisiana, against Defendants DNOW, L.P.; Sellstrom Manufacturing Company ("Sellstrom"); RTC Fall Protection;[3] Capital Safety USA; and Hagemeyer North America, Inc.[4] The action was removed to federal court on February 11, 2016, on the basis of diversity of citizenship.[5]

---

[1] R. Doc. 4.
[2] R. Doc. 15.
[3] It appears RTC Fall Protection may be a division of Sellstrom Manufacturing Co. and, thus, improperly named. This issue is not presently before the Court, however, so the Court mentions it here only for purposes of completeness.
[4] R. Doc. 1-2 at 7–8.
[5] R. Doc. 1.

1

According to the state-court petition, at the time of the incident-in-question,[6] Plaintiff Michael Jason Homer, Jr. ("Homer" or "Plaintiff"), was employed by DOW Chemical as a Manufacture and Engineer Technologist.[7] The petition alleges that, on the day of the incident, temperatures were "cold enough to freeze water," which thereby caused DOW Chemical's water pipes to "freeze[]" and "bust[]" and several leaks to develop.[8] According to Homer, he was assigned the task of stopping the leaks by "closing the main valve," which was elevated "22 feet up into the pipe rack."[9] The petition states, "Following his advisor's instructions, [Homer] grabbed his safety harness manufactured by defendant, CAPITAL SAFETY[,] and the harness lanyard manufactured by defendants Sellstrom and/or RTC[,] which were purchased by DOW Chemical through defendant, DNOW and/or HAGEMEYER, and proceeded to take care of the busted line with another technician."[10]

With respect to the facts of the incident, Plaintiffs further allege that:

> As [Homer] reached the stairs, he untied the lanyard from his harness in order to retie it to the next location, at that time the defective lanyard (it was not retractable), became wrapped around his left ankle. This caused plaintiff to become unbalanced and at that point he began to fall down. Knowing that if he fell, he would fall head first, [Homer] instinctively leapt to an H-beam to try and hold on to avoid falling. This caused [Homer's] body to shift causing him to fall 22 feet down to a concrete slab onto his back.[11]

Plaintiffs' allegations include:

> Prior to, at the time of, and subsequent to the purchase but prior to the incident, defendants SELLSTROM and/or RTC, CAPITAL SAFETY, and

---

[6] The state-court petition, as filed in the Court's record, does not indicate the date on which the alleged incident took place, though it appears portions of the state-court filings were cut off when they were scanned to be filed in the Court's record.
[7] R. Doc. 1-2 at 8.
[8] R. Doc. 1-2 at 8.
[9] R. Doc. 1-2 at 8.
[10] R. Doc. 1-2 at 8.
[11] R. Doc. 1-2 at 9.

>DNOW and/or HAGEMEYER, never instructed or warned DOW Chemical or any of its employees, including but not limited to [Homer], in any way, verbally or with any written documentation, that the subject harness was unsafe to use as it did not have a retractable lanyard creating an unsafe working condition.[12]
>
>As a direct result of the subject harness' non-retractable lanyard and the failure of the defendants, SELLSTROM, RTC, a subsidiary of SELLSTROM, CAPITAL SAFETY, and HAGEMEYER to provide any instruction and/or warning regarding the limited application of the non-retractable subject harness lanyard, [Homer] suffered serious physical, emotional, and psychological damages.[13]

Plaintiffs filed suit against, among others, Sellstrom Manufacturing Company under the Louisiana Products Liability Act. On February 15, 2016, Sellstrom filed a Rule 12(b)(1) motion to dismiss for lack of personal or, in the alternative, a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. The Court addresses Sellstrom's arguments under Rule 12(b)(1) first.

## LAW AND ANALYSIS

When a non-resident defendant challenges personal jurisdiction in a motion to dismiss, the plaintiff bears the burden of proving that personal jurisdiction exists.[14] If the district court rules on the motion without an evidentiary hearing, as in this case, the plaintiff need only make a *prima facie* showing of personal jurisdiction.[15] In determining whether the plaintiff has made a *prima facie* showing of personal jurisdiction, the district court must take the allegations of the complaint as true, except as controverted by opposing affidavits, and all conflicts in the facts must be resolved in favor of plaintiffs.[16] Thus, the district court may consider matters outside the complaint, including affidavits,

---

[12] R. Doc. 1-2 at 10–11.
[13] R. Doc. 1-2 at 11.
[14] *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (citing *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982)).
[15] *See id.*
[16] *Id. See also Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985).

when determining whether personal jurisdiction exists.[17] A finding that the plaintiff has made a *prima facie* showing of jurisdictional facts does not, however, end the inquiry: ultimately, "the plaintiff must establish jurisdiction by a preponderance of the evidence, either at a pretrial evidentiary hearing or at a trial."[18]

To exercise personal jurisdiction over a non-resident defendant, two requirements must be satisfied. "First, the forum state's long-arm statute must confer personal jurisdiction. Second, the exercise of jurisdiction must not exceed the boundaries of the Due Process Clause of the Fourteenth Amendment."[19] Because Louisiana's long-arm statute confers personal jurisdiction to the limits of constitutional due process, these two inquiries become one and the same.[20]

The Due Process Clause of the Fourteenth Amendment "operates to limit the power of a State to assert *in personam* jurisdiction over a nonresident defendant."[21] For a court's exercise of personal jurisdiction over a non-resident defendant to be constitutional under the Due Process Clause, (1) "that defendant [must have] purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state; and (2) the exercise of jurisdiction over that defendant [must] not offend 'traditional notions of fair play and substantial justice.'"[22]

The "minimum contacts" test takes two forms, depending on the type of jurisdiction the court seeks to exercise over the defendant: general jurisdiction or specific jurisdiction.

---

[17] *Jobe v. ATR Mktg., Inc.*, 87 F.3d 751, 753 (5th Cir. 1996).
[18] *Traveler's Indem. Co. v. Calvert Fire Ins. Co.*, 798 F.2d 826, 831 (5th Cir. 1986) (internal quotation marks and citation omitted).
[19] *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006) (citation omitted).
[20] *Luv N' Care*, 438 F.3d at 469; La. R.S. 13:3201(B).
[21] *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413–14 (1984).
[22] *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999) (citation omitted).

A.    *General Jurisdiction*

A court may exercise general jurisdiction over a non-resident defendant when that defendant's contacts with the forum state are "continuous and systematic," regardless of whether such contacts are related to the plaintiff's cause of action.[23] Stated differently, "[g]eneral jurisdiction will attach, even if the act or transaction sued upon is unrelated to the defendant's contacts with the forum state, if the defendant has engaged in 'continuous and systematic' activities in the forum state."[24] In *Goodyear Dunlop Tires Operations, S.A. v. Brown*, the Supreme Court stated that, "for an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation it is an equivalent place, one in which the corporation is fairly regarded as at home."[25] That is, the corporation must have substantial, continuous, and systematic contacts with the forum state so as to "render [it] essentially at home in the forum state."[26] "It is, therefore, incredibility difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business."[27]

At this stage, Plaintiffs need only make a *prima facie* showing of general personal jurisdiction to survive Sellstrom's Rule 12(b)(1) motion on general jurisdiction grounds. To make a *prima facie* showing of general personal jurisdiction, Plaintiffs must show that Sellstrom's contacts with Louisiana are "extensive" and essentially render it "at home" in Louisiana, such that its contacts satisfy the "continuous and systematic" test.[28]

---

[23] *Id.* (citing *Helicopteros*, 466 U.S. at 413–14).
[24] *721 Bourbon, Inc. v. House of Auth, LLC*, 140 F. Supp. 3d 586, 592 (E.D. La. 2015) (citations omitted).
[25] 564 U.S. 915, 924 (2011).
[26] *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014) (citing *Goodyear*, 564 U.S. 915).
[27] *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014) (citing *Daimler AG*, 134 S. Ct. at 760; *Helicopteros*, 466 U.S. at 411–12).
[28] *See, e.g., Submersible Sys., Inc. v. Perforadora Cent., S.A. de C.V.*, 249 F.3d 413, 419 (5th Cir. 2001).

5

Plaintiffs contend Sellstrom's motion is without merit, and that the Court has general personal jurisdiction over Sellstrom, because "Sellstrom sells its products nationally and internationally" and "Sellstrom knows and expects that its products will be sold to be used by consumers in the State of Louisiana." Plaintiffs also argue that "[i]t was foreseeable that Sellstrom's product would be purchased by Dow Chemical LLC for Dow employees and [P]laintiff, Mr. Homer[,] to use and apply."[29] Accepting these allegations as true and resolving all factual conflicts in favor of Plaintiffs, the Court finds as a matter of law that Plaintiffs have failed to make a *prima facie* showing that general personal jurisdiction over Sellstrom is proper in the State of Louisiana. Sellstrom is clearly not "at home" in Louisiana. Sellstrom is incorporated and has its principal place of business in Illinois.[30] Plaintiffs have not otherwise carried their burden of establishing even a *prima facie* case that Sellstrom has substantial, continuous, and systematic contacts with Louisiana such that general personal jurisdiction can be exercised over it in Louisiana. For these reasons, the Court finds that it does not have general personal jurisdiction over Sellstrom.

B. *Specific Jurisdiction*

When the defendant's contacts are less pervasive, a court may exercise specific jurisdiction over a non-resident defendant "in a suit arising out of or related to the defendant's contacts with the forum."[31] Specific jurisdiction exists, for example, where a non-resident defendant "has 'purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities.'"[32]

---

[29] R. Doc. 15 at 7.
[30] R. Doc. 11 at 3.
[31] *Luv N' Care*, 438 F.3d at 469.
[32] *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001) (quoting *Alphine View Co. v. Atlas Copco A.B.*, 205 F.3d 208, 215 (5th Cir. 2000)).

Specific jurisdiction also exists where a non-resident defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."[33] "The non-resident's 'purposeful availment' must be such that the defendant 'should reasonably anticipate being haled into court' in the forum state."[34] The Fifth Circuit has enunciated a three-factor analysis to guide courts in assessing the presence of specific personal jurisdiction:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.[35]

To make a *prima facie* showing of specific personal jurisdiction, the plaintiff need only satisfy the first two factors.[36] "Although jurisdictional allegations must be accepted as true, such acceptance does not automatically mean that a *prima facie* case for specific jurisdiction has been presented."[37] Establishing a *prima facie* case still requires the plaintiff to show the nonresident defendant's purposeful availment of the benefits and protections of and minimum contacts with the forum state."[38]

---

[33] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (citing *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).
[34] *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 419 (5th Cir. 1993) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).
[35] *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002); *Luv N' Care*, 438 F.3d at 469.
[36] *Athletic Training Innovations, LLC v. eTagz, Inc.*, 955 F. Supp. 2d 602, 613 (E.D. La. 2013). *See also 721 Bourbon*, 140 F. Supp. 3d at 592–93; *Luv N' Care*, 438 F.3d at 469. If the plaintiff makes a *prima facie* showing, the burden of proof with respect to the third factor shifts to the defendant to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Autogenomics, Inc. v. Oxford Gene Tech.*, 566 F.3d 1012, 1018–19 (Fed. Cir. 2009). *See also Athletic Training Innovations*, *supra*, at 613.
[37] *Panda*, 253 F.2d at 868.
[38] *Id.* (citing *Burger King*, 471 U.S. at 474 ("[T]he constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum State.")).

In opposing Sellstrom's motion, the Plaintiffs argue that "Sellstrom did not provide any evidence that its contacts with Louisiana are less than minimum."[39] Plaintiffs misstate the jurisdictional burden, however, as it is not Sellstrom's burden to prove the non-existence of personal jurisdiction; instead, it is the Plaintiffs' burden to prove that it exists. Plaintiffs have not made a *prima facie* showing that the Court has specific personal jurisdiction over Sellstrom. Plaintiffs make conclusory statements that (1) "Sellstrom sells its products nationally and internationally;" (2) "Sellstrom knows and expects that its products will be sold to be used by consumers in the State of Louisiana;" and (3) "It was foreseeable that Sellstrom's product would be purchased by Dow Chemical LLC for Dow employees and [P]laintiff, Mr. Homer[,] to use and apply."[40] It is well accepted, however, that in assessing whether personal jurisdiction can properly be exercised over a foreign defendant, district courts "will not credit conclusory allegations, even if uncontroverted."[41] In light of these bare-bones, conclusory allegations, the Court finds that Plaintiffs have not made a *prima facie* showing that specific personal jurisdiction can properly be exercised over Sellstrom in Louisiana.

Moreover, the Supreme Court in *Walden v. Fiore* made clear that the relationship required for specific personal jurisdiction "must arise out of contacts the 'defendant *himself* creates with the forum State.'"[42] The Supreme Court noted that it has "consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum

---

[39] R. Doc. 15 at 8.
[40] R. Doc. 15 at 7.
[41] *Sealed Appellant 1 v. Sealed Appellee 1*, 625 F. App'x 628, 631 (5th Cir. 2015) (internal quotation marks omitted) (quoting *Panda*, 253 F.3d at 869). *See also Lemann v. Midwest Recovery Fund, LLC*, No. 15-3329, 2016 WL 3033622, at *3 (E.D. La. May 27, 2016).
[42] *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014) (quoting *Burger King*, 471 U.S. at 475).

State."[43] In this case, Plaintiffs' claims against Sellstrom sound in products liability. In part, Plaintiffs argue the "harness lanyard" manufactured by Sellstrom was defective and that its defects played a part in causing Homer's injuries. Plaintiff alleges the harness lanyards were "purchased by DOW Chemical through defendant, DNOW and/or HAGEMEYER."[44] Plaintiff does not specifically argue the Court has personal jurisdiction over Sellstrom by way of DOW Chemical's purchase of harness lanyards from DNOW and/or Hagemeyer North America. However, if Plaintiff had made such an argument, it would not prevail, as specific personal jurisdiction over Sellstrom cannot be based on the contacts between Plaintiffs, Dow Chemical, DNOW and/or Hagemeyer and the State of Louisiana.

C.     *Jurisdictional Discovery*

The Plaintiffs request that the Court convene an evidentiary hearing on personal jurisdiction.[45] The Court construes this request as one for jurisdictional discovery.

"As the party opposing dismissal and requesting discovery, the plaintiffs bear the burden of demonstrating the necessity of discovery."[46] "When seeking discovery on personal jurisdiction, a plaintiff must make a 'preliminary showing of jurisdiction' before being entitled to such discovery."[47] The decision to allow jurisdictional discovery is within the district court's discretion.[48]

---

[43] *Id.* (citing *World-Wide Volkswagen*, 444 U.S. at 291–92). "[The] unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction." *Helicopteros*, 466 U.S. at 417.
[44] R. Doc. 1-2 at 8.
[45] R. Doc. 15 at 8.
[46] *Monkton*, 768 F.3d at 434.
[47] *Nat'l Surety Corp. v. Ferguson Enters., Inc.*, No. 3:13-CV-2045-M, 2014 WL 5472436, at *1 (N.D. Tex. Oct. 29, 2014) (quoting *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005)).
[48] *Fielding*, 415 F.3d at 419.

In this case, Plaintiffs have made a bare-bones request for an evidentiary hearing on jurisdiction. Plaintiffs have not, however, made a preliminary showing of jurisdiction such that jurisdictional discovery is warranted or would be beneficial. Therefore, the Court denies Plaintiffs' request for jurisdictional discovery.

### **CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that Sellstrom's Rule 12(b)(1) motion to dismiss for lack of personal jurisdiction is **GRANTED**, and Sellstrom is hereby **DISMISSED WITHOUT PREJUDICE**.[49]

**New Orleans, Louisiana, this 29th day of June, 2016.**

*[signature: Susie Morgan]*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[49] Because the Court **GRANTS** Sellstrom's Rule 12(b)(1) motion to dismiss for lack of personal jurisdiction, the Court need not consider its arguments under Rule 12(b)(6). Therefore, to the extent Sellstrom's motion is brought under Rule 12(b)(6), it is **DENIED AS MOOT**.