## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL JASON HOMER, SR., ET AL.**<br>      **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **NO.  16-1210** |
| **DNOW L.P., ET AL.**<br>      **Defendants** | **SECTION: "E" (3)** |

## ORDER AND REASONS

Before the Court is Plaintiffs' Motion for Reconsideration.[1] On June 30, 2016, the Court granted Defendant Sellstrom Manufacturing Co.'s ("Sellstrom") motion to dismiss pursuant to Rule 12(b)(2),[2] finding the Court had no personal jurisdiction over Sellstrom.[3] This motion is reviewed under Federal Rule of Civil Procedure 60(b) because the Plaintiffs did not file a motion to amend judgment under Federal Rule of Civil Procedure 59(e) within 28 days of the entry of the judgment.[4] Sellstrom opposes the motion.[5] For the reasons stated herein, the motion is **DENIED**.

Rule 60(b) provides that a court, "[o]n motion and just terms," may "relieve a party or its legal representative from a final judgment, order, or proceeding" due to:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier

---

[1] R. Doc. 35.
[2] The Court's Order erroneously stated the motion was brought under Rule 12(b)(1), but the Court provided the correct analysis under Rule 12(b)(2) for a motion to dismiss for lack of personal jurisdiction.
[3] R. Doc. 34.
[4] *Gibson v. Gusman*, No. 11-2929, 2012 WL 3482275, at *1 (E.D. La. Aug. 15, 2012) ("The difference in treatment is based on timing. If the motion is filed within twenty-eight days of the judgment, then it falls under Rule 59(e). However, if the motion is filed more than twenty-eight days after the judgment, but not more than one year after the entry of judgment, it is governed by Rule 60(b).") (citations omitted).
[5] R. Doc. 36.

judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.[6]

The purpose of Rule 60(b) "is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts."[7] As the moving party, the Plaintiffs have the burden to show why the Court should vacate the Court's prior judgment.[8] The determination of whether the Plaintiffs have satisfied their burden lies within this Court's sound discretion.[9]

Granting relief under Rule 60 is "an extraordinary remedy which should be used sparingly."[10] Consequently, the "scope of relief that may be obtained under Rule 60(b) is strictly limited."[11] A motion to vacate a judgment is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[12]

## I.    Newly Discovered Evidence

The Plaintiffs bring their motion for reconsideration under Rule 60(b)(2), arguing they have "recently discovered new facts and evidence which directly contradict assertions made by Sellstrom in its motion and establish a *prima facie* showing of specific personal jurisdiction."[13] In support of their position, Plaintiffs submit pages from Sellstrom's website, which show Sellstrom services eighteen distributors in Louisiana.[14] Plaintiffs also submit documents related to Sellstrom's social media presence, such as

---

[6] Fed. R. Civ. P. 60(b)(1)-(6).
[7] *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005).
[8] *See League of United Latin Am. Citizens, Dist. 19 v. City of Boerne*, 659 F.3d 421, 438 (5th Cir. 2011).
[9] *Rocha v. Thaler*, 619 F.3d 387, 400 (5th Cir. 2010).
[10] *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *see also Pease v. Pakhoed*, 980 F.2d 995, 998 (5th Cir. 1993) ("Courts are disinclined to disturb judgments under the aegis of Rule 60(b).").
[11] 12 Moore's Federal Practice § 60.02 (3d ed. 2010).
[12] *Templet*, 367 F.3d at 478.
[13] R. Doc. 35.
[14] R. Doc. 35-1.

Facebook, Twitter, YouTube, and LinkedIn, arguing these pages are sufficient to establish specific personal jurisdiction over Sellstrom because it advertises to Louisiana residents.[15]

To warrant the granting of a motion for reconsideration under Rule 60(b)(2), the Plaintiffs must show that the "newly discovered evidence" could not have been discovered with reasonable diligence in time to move for a new trial under Rule 59(b).[16] Plaintiffs attach the sworn affidavit of Ashley Bowers, which states she accessed Sellstrom's website and social media pages on July 27, 2016.[17] In its opposition to the motion for reconsideration, Sellstrom attaches a sworn declaration of Becky Connell-Swanson, marketing manager of Sellstrom, which states the Sellstrom website was created on August 25, 1996 and has remained substantially unchanged since June 7, 2015.[18] The social media pages were created in 2012, and also remained substantially unchanged since June 7, 2015.[19] This evidence, therefore, was discoverable through reasonable diligence in time to move for a new trial under Rule 59(b).

Even if the Court considered the Plaintiffs' "newly discovered" evidence, the Plaintiffs would still fail to make a *prima facie* showing of specific jurisdiction. First, the Plaintiffs argue the existence of Sellstrom third-party distributors in Louisiana is sufficient to give rise to this Court having personal jurisdiction. In the Fifth Circuit, "mere foreseeability or awareness" that a product will reach the forum state's market is a sufficient basis for personal jurisdiction.[20] The Plaintiffs, however, fail to allege there is

---

[15] R. Doc. 35-1.
[16] Fed. R. Civ. Proc. 60(b)(2).
[17] R. Doc. 35-2.
[18] R. Doc. 36-1.
[19] R. Doc. 36-1.
[20] *Ainsworth v. Moffett Engineering, Ltd.*, 716 F.3d 174, 177 (5th Cir. 2013).

3

any special relationship between Sellstrom and the distributors or that the volume of sales is sufficient to demonstrate foreseeability or awareness.[21]

Second, the Plaintiffs argue Sellstrom's website and social media presence directly target Louisiana residents, and therefore they satisfy the minimum contacts analysis, giving rise to specific personal jurisdiction. The Fifth Circuit has adopted the *Zippo* sliding scale test for determining whether internet-based contacts establish personal jurisdiction over a non-resident defendant.[22] The Fifth Circuit employs the test as follows:

> A "passive" website, one that merely allows the owner to post information on the internet, is at one end of the scale. It will not be sufficient to establish personal jurisdiction. At the other end are sites whose owners engage in repeated online contacts with forum residents over the internet, and in these cases personal jurisdiction may be proper. In between are those sites with some interactive elements, through which a site allows for bilateral information exchange with its visitors.

*Zippo* mandates that personal jurisdiction be based on actual internet sales to the forum residents, not the mere possibility of sales.[23] The Plaintiffs, however, have not alleged that a Louisiana resident has purchased or could purchase one of Sellstrom's product through Sellstrom's website or social media pages. Further, as already considered by the Court, specific personal jurisdiction must arise out of contacts Sellstrom itself creates with Louisiana,[24] and Sellstom's sales to its distributors are not relevant contacts in the jurisdictional analysis.[25] Sellstrom's website does not sell its products directly to consumers. Instead, it instructs customers to contact a retailer if they wish to purchase

---

[21] *See Ainsworth*, 716 F.3d 176.
[22] *Revel v. Lidov*, 317 F.3d 467, 470 (5th Cir. 2002) (citing *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1123 (W.D. Pa. 1997)).
[23] *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 337 (5th Cir. 1999) ("Absent a defendant doing business over the Internet or sufficient interactivity with residents of the forum state, we cannot conclude that personal jurisdiction is appropriate.").
[24] *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014).
[25] *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984).

products. Even considering the Plaintiffs' "newly discovered evidence," the Court finds the Plaintiffs fail to establish *prima facie* specific personal jurisdiction.[26]

    II.    <u>Jurisdictional Discovery</u>

The Plaintiffs also seek reconsideration of the Court's denial of their request to conduct jurisdictional discovery to establish jurisdictional facts.[27] "As the party opposing dismissal and requesting discovery, the plaintiffs bear the burden of demonstrating the necessity of discovery."[28] "When seeking discovery on personal jurisdiction, a plaintiff must make a 'preliminary showing of jurisdiction' before being entitled to such discovery."[29] In this case, the Court held the Plaintiffs failed to make a preliminary showing of jurisdiction such that discovery is warranted.[30]

The Plaintiffs do not specify what additional evidence they believe would support personal jurisdiction over Sellstrom. The Court finds the Plaintiffs fail to make a preliminary showing of jurisdiction such that additional discovery is warranted. The decision to allow jurisdictional discovery is within the district court's discretion.[31] Accordingly, the motion to reconsider the Court's denial of the Plaintiff's request to conduct jurisdictional discovery is denied.

---

[26] *See Mink*, 190 F. 3d at 336–37 (finding a company's website that provides users with a printable mail-in order form, a toll-free telephone number, a mailing address and an email address, but does not allow orders are not taken through its website was a passive advertisement that did not provide grounds for exercising personal jurisdiction over the company).

[27] R. Doc. 35-1 at 9.

[28] *Monkton*, 768 F.3d at 434.

[29] *Nat'l Surety Corp. v. Ferguson Enters., Inc.*, No. 3:13-CV-2045-M, 2014 WL 5472436, at *1 (N.D. Tex. Oct. 29, 2014) (quoting *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005)).

[30] R. Doc. 34 at 9.

[31] *Fielding*, 415 F.3d at 419.

III.    <u>Amending Complaint</u>

In the alternative, the Plaintiffs' request that the court grant them leave to amend their complaint.[32] The Plaintiffs did not ask the Court to allow them to amend their complaint in their opposition to Sellstrom's motion to dismiss.[33]

Although Rule 15(a) provides the Court wide discretion to allow leave to amend, the Court is not required to allow the Plaintiffs to amend their complaint. First, pursuant to the Court's scheduling order, the deadline to amend pleadings was June 27, 2016.[34] Second, "[i]n cases where a party seeks to amend [the] complaint after entry of judgment, [the Fifth Circuit has] consistently upheld the denial of leave to amend where the party seeking to amend has not clearly established that he could not reasonably have raised the new matter prior to the trial court's merits ruling."[35] Third, Plaintiffs provide no support for their position that the Court should grant leave to amend their complaint, nor do they provide any explanation why permission for such amendment was not requested before this time. Finally, even if the Plaintiffs were to amend their complaint to include or attach the "newly discovered evidence" attached to their motion for reconsideration, the Plaintiffs would still fail to make a *prima facie* showing of personal jurisdiction over Sellstrom.[36] Accordingly, the Plaintiffs' request to amend their complaint is denied.

Accordingly;

**IT IS ORDERED** that the Plaintiffs' motion for reconsideration[37] is **DENIED**.

---

[32] R. Doc. 35-1 at 9.
[33] R. Doc. 15.
[34] R. Doc. 31 at 7.
[35] *Hazim v. Schiel & Denver Publ'g Ltd.*, No.12-1286, 2015 WL 5227955, at *5 (S.D. Tex. Sept. 8, 2015), *aff'd sub nom. Hazim v. Schiel & Denver Book Publishers*, 647 F. App'x 455 (5th Cir. 2016) (quoting *Vielma v. Eureka Co.*, 218 F.3d 458, 468 (5th Cir. 2000)).
[36] *See supra* Part I.
[37] R. Doc. 35.

New Orleans, Louisiana, this 8th day of November, 2016.

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**